# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STACI L. DALLENBACH,

        Plaintiff,

vs.

STANDARD INSURANCE COMPANY,

        Defendant.

Case No.: 2:18-cv-02024-GMN-VCF

**ORDER**

Pending before the Court is Plaintiff Staci L. Dallenbach's ("Plaintiff's") Objection, (ECF No. 25), to the Honorable Magistrate Judge Cam Ferenbach's Report and Recommendation ("R&R"), (ECF No. 24). The R&R recommends that the Court grant Defendant Standard Insurance Company's ("Defendant's") Motion to Set Standard of Review, (ECF No 19). Defendant filed a Response, (ECF No. 27), to Plaintiff's Objection. For the reasons discussed below, the Court **OVERRULES** Plaintiff's Objection and **ADOPTS** the R&R.

**I.     BACKGROUND**

This case arises from Defendant's grant of long-term disability benefits owed to Plaintiff based on her employment as a Senior Customer Service Representative with UnitedHealth Group. (Compl. ¶¶ 10–12, ECF No. 1). The specific insurance policy at issue here—Policy No. 643980-B ("Policy")—took effect on January 1, 2012, and it is subject to the laws of Minnesota. (*Id.* ¶ 4); (2012 Policy, Ex. A to Mot. Set Standard, ECF No. 19-1). The terms of the Policy provide long-term disability benefits for a person under the age of sixty-one at the time of disability (as was Plaintiff) which would continue until the claimant's Normal Social Security Retirement Age or for three years and sixth months, whichever was greater. (*Id.* ¶ 6);

(2012 Policy, Ex. A to Mot. Set Standard, ECF No. 19-1).

In May of 2015, Plaintiff submitted a claim for long-term disability benefits ("LTD benefits") under the Policy. (Compl. ¶ 11). Defendant accepted her claim and paid LTD benefits, effective October 29, 2015. (*Id.* ¶ 12). On August 4, 2017, however, Defendant notified Plaintiff that the maximum benefit for her LTD benefits would occur on October 28, 2017, and that no further benefits would be payable afterward. (*Id.* ¶ 13). Plaintiff timely appealed the termination of benefits by letter on August 26, 2017, which Defendant denied on December 21, 2017. (*Id.* ¶¶ 14, 17). Plaintiff continued her appellate remedies through a second appeal submitted on March 3, 2018. (*Id.* ¶ 18). But Defendant denied that second appeal as well on April 20, 2018, and correspondingly notified Plaintiff that she had exhausted her administrative remedies. (*Id.* ¶ 20). Plaintiff, consequently, brought this lawsuit on October 19, 2018, seeking a declaratory judgment requiring Defendant to pay Plaintiff LTD benefits under the terms of the Policy for the period to which she is entitled. (*Id.* 14:11–20).

On February 15, 2019, Magistrate Judge Cam Ferenbach held a hearing and ordered that there would not be discovery until the Court determined which standard of review applied to Plaintiff's claim for disability benefits under 29 U.S.C. 1132(a)(1)(B). (Mins. Proceedings, ECF No. 18). Defendant subsequently moved for the Court to set an "abuse of discretion" standard. (Mot. Set Standard 1:17–20, ECF No. 19). Plaintiff, by contrast, argued a "de novo" review standard should apply. (*See generally* Resp., ECF No. 20). Judge Ferenbach ultimately agreed with Defendant, and filed his Report and Recommendation ("R&R") on April 8, 2019, recommending that the Court apply an abuse of discretion standard in this case. Plaintiff timely filed an Objection to that R&R on April 22, 2019. (Obj., ECF No. 25).

## II. LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1–4. 28 U.S.C. § 636(b)(1)(B);

D. Nev. Local R. IB 3–2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.* The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. Local R. IB 3–2(b).

## III.   DISCUSSION

Defendant's argument for an "abuse of discretion" standard stems from language in Plaintiff's Policy at the time of her disability in 2015, which gave the insurer "full and exclusive authority to control and manage the Group Policy, to administer claims, and to interpret the Group Policy and resolve all questions arising in the administration, interpretation, and application of the Group Policy." (2012 Policy at 36 of 41, Ex. A to Mot. Set Standard, ECF No. 19-1) ("[A]ny decision we make in the exercise of our authority is conclusive and binding."); (Mot. Set Standard 2:5–11, ECF No. 19).[1] Plaintiff responded that an abuse of discretion standard is inapplicable because of a Minnesota statute passed in 2016. That statute, codified as Minnesota Statute 60A.42, renders discretionary provisions unenforceable by declaring:

> No policy, contract, certificate, or agreement offered or issued in this state providing for disability income protection coverage may contain a provision purporting to reserve discretion to the insurer to interpret the terms of the contract or provide a standard of review that is inconsistent with the laws of this state, or less favorable to the enrollee when a claim is denied than a preponderance of the evidence standard.

2015 Minn. Sess. Law Serv. Ch. 59 § 1 (S.F. 997). Plaintiff contends that, under this statute, a *de novo* standard of review applies to her claim in this lawsuit.

After considering the parties' arguments, Judge Ferenbach recommended that the Court apply an abuse of discretion standard. Central to that recommendation was how Minnesota

---

[1] "[A] denial of benefits . . . is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)

Statute 60A.42 does not apply retroactively; it applies to "policies issued or renewed on or after [January 1, 2016]." 2015 Minn. Sess. Law Serv. Ch. 59 § 1 (S.F. 997). The lack of retroactive application was critical, because Judge Ferenbach found that the operative version of Plaintiff's Policy for purposes of this lawsuit consists of terms as they existed in 2015—when Plaintiff gained her vested right to LTD benefits as a result of becoming disabled.

Plaintiff objects to Judge Ferenbach's R&R on several grounds, beginning with the R&R's determination that the analysis regarding a statutory change affecting a benefits policy, such as Minnesota Statute 60A.42, is no different than an amendment voluntarily adopted by the parties to the Policy. (Obj. 1:6–8); (R&R 4:5–5:2, ECF No. 24). Plaintiff also objects to the finding that the operating Policy in this lawsuit is the one that existed when her rights vested upon becoming disabled in 2015. According to Plaintiff, the terms as they existed in 2017 apply here, because that is when Defendant entered the final decision denying her right to continued LTD benefits. (Obj. 1:14–18); (R&R 5:22–25, 6:1–5). The below discussion addresses Plaintiff's objections in turn.

**A. Minnesota Statute 60A.42's Effect on the Policy**

Plaintiff contends that the R&R erred by considering a statutory change as having a comparable legal effect to a formal, voluntary amendment of policy terms. This distinction is important, according to Plaintiff, because unlike a voluntary amendment to policy terms that affects substantive rights, a statute such as Minnesota Statute 60A.42 is merely a procedural change in the law. (Obj. 8:13–11:23, 17:14–23). And as a mere procedural change, Plaintiff argues the statute applies throughout litigation that is ongoing after the statute's effective date. Thus, to Plaintiff, the date that LTD benefits vested is immaterial in deciding the applicable standard of review for this ongoing action. (Obj. 17:14–23).

The Court, however, finds that Judge Ferenbach properly analyzed Minnesota Statute 60A.42's effect on the applicable standard of review. Judge Ferenbach reasoned that "the

statutory change has the same impact as any amendment—it changes the terms of the policy." (R&R 4:16–17). Minnesota law supports his conclusion. Like amendments to a policy, statutory changes are incorporated into a policy upon renewal, reinstatement, or reissue to become part of the terms thereafter—unless stated otherwise. *Cf. Hauer v. Integrity Mut. Ins. Co.*, 352 N.W.2d 406, 408 (Minn. 1984); *Lessard v. Milwaukee Ins. Co.*, 496 N.W.2d 852, 855 (Minn. Ct. App. 1993), *aff'd,* 514 N.W.2d 556 (Minn. 1994) ("Generally, statutes are to have prospective, not retroactive, effect. However, this presumption may be overcome by statutory language indicating retroactive effect.") (citation omitted); *Stephan v. Unum Life Ins. Co. of Am.*, 697 F.3d 917, 927 (9th Cir. 2012).

Moreover, a change to the provision allocating discretion when awarding disability benefits is not a mere "procedural" variation that affects parties' rights in litigation rather than substantive rights under a policy. *See Gibbs ex rel. Estate of Gibbs v. CIGNA Corp.*, 440 F.3d 571, 577–78 (2d Cir. 2006) (concluding that the standard of review affects the substance of claimant's benefits); *Herzberger v. Standard Ins. Co.,* 205 F.3d 327, 331 (7th Cir. 2000) ("The very existence of 'rights' under such plans depends on the degree of discretion lodged in the administrator. The broader that discretion, the less solid an entitlement the employee has and the more important it may be to him, therefore, to supplement his ERISA plan with other forms of insurance."); *Fier v. Unum Life Ins. Co. of Am.*, No. 2:06-cv-01162RLH-LRL, 2009 WL 3644187, at *7 (D. Nev. Nov. 3, 2009), *aff'd*, 629 F.3d 1095 (9th Cir. 2011). For that reason, Plaintiff is incorrect in objecting to the R&R by arguing that Minnesota Statute 60A.42 operates as a "procedural rule" that can govern litigation instituted after the conduct giving rise to suit. (*See* Obj. 14:13–24).

Altogether, to the extent Plaintiff argues a statutory change is not an amendment in the technical sense which would need approval under policy guidelines, she is correct. The statutory change would be incorporated into a standing policy upon its renewal or reissuance

rather than upon formal, voluntary adoption. But Plaintiff is incorrect in arguing that a statutory change such as Minnesota Statute 60A.42 is a mere procedural rule that would apply here regardless of the underlying conduct at issue. Consequently, as detailed below, the date Plaintiff's LTD benefits vested is not immaterial as to whether Minnesota's ban on discretionary provisions might apply in this litigation.

### B. Applicable Terms of the Policy

The remaining issue that determines which standard of review applies to Plaintiff's claim is, as Judge Ferenbach stated, "what version of [Plaintiff's Policy] is at issue in this case." The potential versions consist of either: (1) the Policy's terms as they existed when Defendant granted Plaintiff LTD benefits in October of 2015; or (2) the terms as they existed when Defendant issued its final denial of continued LTD benefits in 2017. For that determination, the R&R turned to two decisions by the Ninth Circuit Court of Appeals—*Grosz-Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154 (9th Cir. 2001), and *Shane v. Albertson's Inc.*, 504 F.3d 1166 (9th Cir. 2007). Under those cases, the R&R found that the 2015 version of Plaintiff's Policy applies here because that policy governed when Plaintiff had a "vested right in benefits" upon Defendant granting LTD benefits. (R&R 5:9–17, 6:1–5). And since Minnesota Statute 60A.42 does not apply retroactively, the R&R concluded that the statute does not void the 2015 version's discretionary provision for purposes of deciding Plaintiff's current ERISA claim. (*Id.* 6:1–5).

Plaintiff objects to the R&R's use of the 2015 Policy terms by arguing that the R&R's reliance on the above-listed circuit decisions is misplaced because those decisions did not deal with statutory amendments. (Obj. 14:25–23:14). For cases Defendant cited dealing with statutory amendments, Plaintiff contends that the decisions either misapplied binding case law, did not address procedural statutory changes, or concerned statutory changes that did not have similar language to Minnesota's of applying to policies renewed after the statute's effective

date. (*Id.* 17:15–19:22). Plaintiff further contends that her cause of action accrued when Defendant submitted its final denial of her claim in 2017. As a claim which accrued after a policy renewal in 2016, her Policy would incorporate Minnesota Statute 60A.42's requirements and a *de novo* standard of review would apply here regardless of earlier discretionary language. (*Id.* 17:13–14).

The Court, upon *de novo* review of the R&R, agrees with Judge Ferenbach and finds that the operative version of Plaintiff's Policy for purposes of this case is the one that existed in 2015, when Defendant granted Plaintiff's LTD benefits.[2] To arrive at this conclusion, the Court turns to the Ninth Circuit's decisions in *Grosz–Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154 (9th Cir. 2001), and *Shane v. Albertson's Inc.*, 504 F.3d 1166 (9th Cir. 2007), as the R&R did. *Grosz-Salomon* explained that if benefits under a policy have *not* vested, then the controlling version of the benefits policy during related litigation is the version in existence when benefits are finally denied. *Grosz–Salomon*, 237 F.3d at 1160–61 (explaining that the governing policy for the plaintiff's ERISA claim was the version in effect when final denial of benefits occurred in 1998, rather than when her injury occurred in 1993, because "no employees' rights were vested" before that denial and the employer "was at liberty to change its long-term disability plan"). By contrast, when terms of a policy vest benefits upon commencement of disability, the governing policy version for a claim arising from the vested benefits is the version in effect when disability commenced. *See Shane*, 504 F.3d at 1169. The Circuit in *Shane* found that the plaintiff's benefits "vested" under a 1993 version of her policy because that version stated, "Total Disabilities commencing prior to the effective date of a Plan amendment are to be provided for under the terms of the Plan in effect at the time those

---

[2] Plaintiff contends that the Policy here vests only the right to an amount of benefits, but no other protections. However, Plaintiff does not cite language in the 2015 Policy that shows her LTD benefits did not fully "vest" as of the disability date and in contrast to that in *Shane*, 504 F.3d at 1169. Moreover, Defendant concedes that Plaintiff's rights to benefits fully vested upon the 2015 disability determination. (Mot. Set Standard 2:5–3:3).

disabilities commenced." *Id.* at 1168 (stating that the plaintiff "began receiving her LTD benefits on January 31, 2000"). The next renewal of the plaintiff's policy in *Shane* did not occur until 2002, and that later version held similar language declaring benefits to be provided under the terms of the policy in effect at the time disability commenced. *Id.* at 1169. Accordingly, since the benefits in *Shane* "commenced during the 1993 Disability Plan and prior to the 2002 Disability Plan," the plaintiff's later ERISA claim based on the previously-vested benefits was "governed by the 1993 Disability Plan." *Id.*

While Plaintiff takes issue with the Court's reliance on *Grosz–Salomon* and *Shane*, other courts have relied on these decisions' reasoning when considering a statutory amendment like Minnesota's. *Cerone v. Reliance Standard Life Ins. Co.*, 9 F. Supp. 3d 1145, 1150 (S.D. Cal. 2014), and *Polnicky v. Liberty Life Assurance Co. of Bos.*, 999 F. Supp. 2d 1144, 1148 (N.D. Cal. 2013), for example, had to determine whether California's Insurance Code § 10110.6 mandated a *de novo* standard of review with an ERISA claim for benefits because § 10110.6 rendered void and unenforceable discretionary clauses. Both *Cerone* and *Polnicky* relied on *Grosz–Salomon* to find that the governing policy versions for the plaintiffs' ERISA claims were the versions in effect when the defendants' final denial of benefits occurred. Significantly, both cases recognized that the date of final denial determined which version governed because, prior to the denials, the plaintiffs' rights to benefits never vested. *Polnicky*, 999 F. Supp. 2d at 1149 ("[D]efendants concede that plaintiff's claim is for non-vested employee welfare benefits. Therefore, the controlling plan in this action is the plan that existed at the time plaintiff's benefits were denied, the Plan as it existed in 2013."); *Cerone*, 9 F. Supp. 3d at 1151. Because final denial occurred *after* California Insurance Code § 10110.6 took effect—and after the policies incorporated § 10110.6 upon renewal—the policies' discretionary language became void. *See Cerone*, 9 F. Supp. 3d at 1151, n.2; *Polnicky*, 999 F. Supp. 2d at 1149. *De novo*

review accordingly applied with the plaintiffs' later lawsuits challenging the denials of benefits. *See Cerone*, 9 F. Supp. 3d at 1151; *Polnicky*, 999 F. Supp. 2d at 1149.

Similar to *Shane*, where the claimant had vested benefits under the policy upon commencement of disability, here Defendant concedes that Plaintiff's right to benefits vested "as of the date of her claimed disability" in 2015. (Resp. 2:16–17, 3:10–14, ECF No. 27). Indeed, Plaintiff began receiving LTD benefits as of October 29, 2015. (Compl. ¶ 12). The terms of Plaintiff's 2015 Policy solidify this version as the one governing her continued right to receive those LTD benefits. The 2015 version declares:

> During each period of continuous Disability, we will pay LTD Benefits according to the terms of the Group Policy in effect on the date you become Disabled. Your right to receive LTD Benefits will not be affected by:
>
> 1. Any amendment to the Group Policy that is effective after you become Disabled.
>
> 2. Termination of the Group Policy after you become Disabled.

(2015 Policy at 15, Ex. A to Mot. Set Standard, ECF No. 19-1). Because the 2015 version of Plaintiff's Policy governs the standard of review with her current ERISA claim, Minnesota Statute 60A.42's non-retroactive ban on discretionary clauses does not affect the standard of review here. Stated differently, the Policy's 2016 renewal was the first version to incorporate Minnesota's ban on discretionary clauses from then on; her current claim governed by a pre-2016 version of the Policy is not affected by that statutory change.[3] *Cf. Hauer*, 352 N.W.2d at 408 ("In Minnesota the general rule is that upon each renewal an entirely new and independent contract of insurance is created and is governed by the laws in effect on the date of renewal.").

---

[3] While the Court finds that an abuse of discretion standard generally applies here, the Court does not opine on whether an exception could apply, whether other facts later discovered with the claims process demonstrate an abuse of discretion standard would be inapplicable, or the appropriate level of deference to ultimately be given under this standard when deciding Plaintiff's ERISA claim. *Cf. Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 522 F.3d 863, 873 (9th Cir. 2008) (discussing various factors courts may consider in determining the appropriate level of deference).

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Objection, (ECF No. 25), to the R&R, (ECF No. 24), is **OVERRULED**. The Court **ADOPTS** the R&R, and **GRANTS** Defendant's Motion to Set Standard of Review, (ECF No. 19).

**DATED** this __23__ day of March, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court